United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA DACER, SABINA DACER-REYES, AMPARO DACER-HENSON, and EMILY DACER-HUNGERFORD,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH EJERCITO ESTRADA, individually and in his official capacity, PANFILO M. LACSON, individually and in his official capacity, REYNALDO "BUTCH" TENORIO, individually and in his official capacity, DANTE TAN, individually and in his official capacity, MICHAEL RAY AQUINO, individually and in his official capacity, VICENTE ARNADO, individually and in his official capacity, GLENN DUMLAO, individually and in his official capacity, and DOES 1–100, inclusive,<br><br>Defendants. | No. C 10-04165 WHA<br><br>**ORDER DENYING MOTION TO DISMISS AND VACATING HEARING** |

## INTRODUCTION

In this action for torture and extrajudicial killing in the Philippines, defendant Michael Ray Aquino moves to dismiss the complaint. For the following reasons, his motion is **DENIED**.

## STATEMENT

Salvador "Bubby" Dacer allegedly was a prominent and influential publicist in the Philippines until he was tortured and killed in November 2000 (Compl. ¶¶ 21, 54–58). Dacer's

1  children bring this action under the Alien Tort Claims Act and the Torture Victims Protection Act
2  against seven individuals they believe are responsible for their father's torture and death.
3  According to the complaint, Dacer's death was orchestrated by high-ranking members of the
4  Joseph Ejercito Estrada administration who perceived Dacer as a threat to their political power.
5  Defendant Michael Ray Aquino now moves to dismiss the complaint because plaintiffs
6  supposedly have not exhausted their legal remedies in the Philippines (Dkt. Nos. 12, 20).
7  Plaintiffs oppose (Dkt. No. 23).

**ANALYSIS**

Exhaustion is an affirmative defense. Where claims are brought under the Alien Tort Claims Act, "[t]he defendant bears the burden to plead and justify an exhaustion requirement, including the availability of local remedies." *Sarei v. Rio Tinto, PLC*, 550 F.3d 822, 832 (9th Cir. 2008). Here, defendant Aquino has not pled exhaustion as an affirmative defense in an answer to the complaint; he instead raised the issue in a motion to dismiss the complaint. This procedural approach is improper.

Moreover, the question of exhaustion depends on disputed factual matters outside the ambit of the pleadings. The scope of legal remedies available in the Philippines, the effectiveness of those remedies, and the extent to which plaintiffs have pursued them are questions that will be better answered with the benefit of a full factual record developed through discovery. Other factual circumstances inform the prudential decision whether to even impose an exhaustion requirement on a particular claim under the Alien Tort Claims Act. *See Sarei*, 550 F.3d at 827–32.

Defendant Aquino should file an answer to the complaint raising exhaustion as an affirmative defense. After both sides have an opportunity to develop the evidence needed to prove and rebut the exhaustion defense, defendant Aquino then may file a motion for summary judgment on that issue.

**CONCLUSION**

For the foregoing reasons, defendant Michael Ray Aquino's motion to dismiss the complaint is **DENIED**. This is without prejudice to defendant Aquino pleading exhaustion as an

affirmative defense in an answer to the complaint and later arguing the issue based on an evidentiary record on summary judgment or at trial.  Defendant Aquino must file his answer to the complaint by **SEPTEMBER 9, 2011**.

The motion hearing previously set for 8:00 a.m. on September 1, 2011, is **VACATED**.  The case management conference set for 11:00 a.m. on September 1, 2011, will go forward as planned.

**IT IS SO ORDERED.**

Dated:  August 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE