IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA DACER, SABINA DACER-REYES, AMPARO DACER-HENSON, and EMILY DACER-HUNGERFORD,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH EJERCITO ESTRADA, individually and in his official capacity, PANFILO M. LACSON, individually and in his official capacity, REYNALDO "BUTCH" TENORIO, individually and in his official capacity, DANTE TAN, individually and in his official capacity, MICHAEL RAY AQUINO, individually and in his official capacity, VICENTE ARNADO, individually and in his official capacity, GLENN DUMLAO, individually and in his official capacity, and DOES 1–100, inclusive,<br><br>Defendants.<br>_____ / | No. C 10-04165 WHA<br><br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT BASED ON A FAILURE TO EXHAUST LOCAL REMEDIES** |

### INTRODUCTION

In this action involving political torture and killings in the Philippines, defendant moves for summary judgment based on a failure to exhaust local remedies. For the following reasons, this motion is **DENIED**, and the hearing set for December 15 is **VACATED.**

### STATEMENT

Plaintiffs brought this action under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. 1350,

and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. 1350, against seven individuals they believed were responsible for the torture and death of their father, Salvador Dacer, in the Philippines.

Salvador Dacer was a prominent and influential publicist in the Philippines until he was tortured and killed in November 2000 (Compl. ¶¶ 21, 54–58). According to the complaint, his death was orchestrated by high-ranking members of the Joseph Estrada administration who perceived Salvador Dacer as a threat to their political power (Compl. ¶¶ 48–59). At the time, defendants Panfilo Lacson and Michael Aquino held positions as Director-General and Deputy Director, respectively, of the PNP-Intelligence Group, the country's counterintelligence agency (Compl. ¶ 41).

On January 20, 2001, defendant Estrada resigned the presidency in favor of then Vice-President Gloria Arroyo who was sworn in as the country's President the following day (Compl. ¶ 62). President Arroyo directed her Department of Justice to investigate the abduction and murder of Salvador Dacer (Compl. ¶ 68). In May 2001, Lacson won a seat in the Philippine Senate (*ibid.*). Shortly after winning the seat, Lacson learned of the pending murder investigation and told Aquino to escape to the United States (*ibid.*). Aquino entered the United States in July 2001 on a tourist visa (*ibid.*). Arrest warrants in the Philippines were issued for defendants Lacson and Aquino (Compl. ¶¶ 71, 85).

Lacson succeeded in getting the Philippine Court of Appeals to dismiss the arrest warrant issued against him (Dkt. No. 10 at 3). According to plaintiffs' case management statement, process servers in the Philippines are afraid to serve Lacson with the complaint and summons for fear of being killed (Dkt. No. 28 at 3).

In September 2005, Aquino was arrested in the United States for illegal possession of classified government documents. *United States v. Aquino*, 2:05-cr-00719-WHW, Dkt. No. 16 (D.N.J. October 6, 2005). He pled guilty and was sentenced to seventy-six months in prison. *Aquino*, 2:05-cr-00719-WHW, Dkt. No. 65. Subsequently, Aquino was extradited to the Philippines where he was arrested on June 26, 2011, for the murder of Salvador Dacer (Dkt.

No. 30 Exh. 1). The criminal case against Aquino is still pending in the Philippines (Br. 2; Reply Br. 6).

Defendant Aquino now moves for summary judgment based on a failure to exhaust remedies in the Philippines (Dkt. No. 33). Plaintiffs oppose (Dkt. No. 36). The factual record for this motion is woefully lacking. Aquino submitted one document with his brief: the opinion in an unrelated case in the Philippines. Plaintiffs did not submit any declarations or documents with their response. Aquino submitted one additional document with his reply brief: the transcript of a criminal court proceeding against him in Manila (Dkt. No. .42).

## ANALYSIS

### 1. LEGAL STANDARD.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). The court need consider only the cited materials, but it may consider other materials in the record. FRCP 56(c)(3). Where extrinsic evidence is still required, and that evidence is either not available to the district court or nonmoving party has not been afforded time for reasonable discovery, the court can deny a motion for summary judgment as premature. *See Zell v. InterCapital Income Securities, Inc.*, 675 F.2d 1041, 1049–50 (9th Cir. 1982).

An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and "material" only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). All reasonable inferences, however, must be drawn in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

### 2. WHETHER EXHAUSTION IS REQUIRED FOR CLAIMS UNDER THE ATCA.

Where claims are brought under the TVPA and ATCA, the defendant bears the burden to plead and justify an exhaustion requirement, including the availability of local remedies. Although the plaintiff may rebut this showing with a demonstration of the futility of exhaustion, the ultimate burden remains with the defendant. *Sarei v. Rio Tinto, PLC*, 550 F.3d 822, 832 (9th

3

Cir. 2008) (en banc). While exhaustion is a statutory requirement for claims under the TVPA, it is only a prudential requirement for claims under the ATCA. *Id.* at 827.

To prevail on a defense of exhaustion for claims under the ACTA, defendant must first show that exhaustion is required. *Id.* at 830–31. Exhaustion may be required if the action lacks a significant nexus to the United States or does not pertain to an offense of universal concern. *Id.* at 825.

There are genuine disputes of material fact as to whether exhaustion is required for plaintiffs' claims under the ATCA. This action does have a nexus to the United States. Plaintiffs are all residents of the United States. One plaintiff is a citizen. Defendant Aquino lived in the United States for years and was found guilty of illegally possessing classified government documents. *United States v. Aquino*, 2:05-cr-00719-WHW, Dkt. No. 64 (D.N.J. October 6, 2005). The alleged conduct involves torture and murder for political ends. The gravity of these allegations and the potential violation of international law makes this matter a universal concern. *See Sarei v. Rio Tinto*, *PLC*, 2011 WL 5041927 at *13 (9th Cir. October 25, 2011) (citations omitted) (upholding district court's determination to not require exhaustion on claims for crimes against humanity, war crimes, and racial discrimination).

Aquino only makes conclusory allegations that exhaustion should apply and submits no evidence on this issue. He has not met his burden to show that exhaustion is required for plaintiffs' claims under the ATCA. Motion for summary judgment on plaintiffs' claims under the ATCA is **DENIED**.

### 3. WHETHER DEFENDANT HAS MET HIS BURDEN TO SATISFY THE AFFIRMATIVE DEFENSE OF EXHAUSTION FOR CLAIMS UNDER THE TVPA.

Aquino argues that remedies in the Philippines have not been exhausted and that those remedies are adequate (Br. 1–3). The only evidence Aquino provides for this assertion are two court documents from the Philippines. One is a court opinion issued by the Manila Court of Appeals on a completely unrelated matter (Dkt. No. 34). The opinion, which did not mention any of the parties-in-suit, denied a request for extradition from the United States government for a murder suspect. Aquino argues that this opinion is sufficient to show that legal remedies are adequate in the Philippines. This order disagrees. The opinion did not discuss the adequacy of

4

the Philippine legal system and did not provide any useful information for the issue in this action: whether the plaintiffs in this action can effectively obtain relief against the defendant, who was a prominent figure in Philippine politics. *See United States v. Aquino*, 2:05-cr-00719-WHW, Dkt. No. 16 (D.N.J. October 6, 2005) (describing Aquino political position in the Philippines).

The other document submitted by Aquino is a court transcript from a hearing dated July 16, 2008 (Reply Br. Exh. 1). It is a transcript of a day in the criminal proceedings against Aquino for the murder of Salvador Dacer. This proceeding was held before Aquino was extradited to the Philippines. Aquino argues that this shows that criminal proceedings were initiated against him in the Philippines. This is insufficient to show that legal remedies in the Philippines against defendant are effective. Aquino's criminal trial in the Philippines has not reached judgment. *See Sarei v. Rio Tinto, PLC 550 F.3d 822, 832* (9th Cir. 2008) (holding that the adequacy determination will depend on whether there is delay in judgment and whether the judgment can be enforced). Motion for summary judgment on plaintiffs' claims under the TVPA is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**. The hearing set for December 15, 2011, is **VACATED.** Date of trial will stand at January 28, 2013.

**IT IS SO ORDERED.**

Dated: December 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5