United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA DACER, SABINA DACER-REYES, AMPARO DACER-HENSON, and EMILY DACER-HUNGERFORD,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH EJERCITO ESTRADA, PANFILO M. LACSON, REYNALDO "BUTCH" TENORIO, DANTE TAN, MICHAEL RAY AQUINO, VINCENTE ARNADO, and GLENN DUMLAO, all individually and in their official capacity,<br><br>Defendants.<br>_____ / | No. C 10-04165 WHA<br><br>**REQUEST TO SHOW CAUSE RE DEFAULT PROVE-UP DAMAGES** |

Defendant Michael Aquino last appeared in this action in 2011 when he filed a reply in support of his motion for summary judgment (Dkt. No. 42). Since then, he has failed to appear on eight occasions, including case management conferences, the final pretrial conference, the default judgment hearing, and the damages prove-up trial. This order will give him one last chance.

In September 2010, plaintiffs, the four daughters of the decedent, filed this action. Plaintiffs experienced difficulties serving most of the defendants (many of whom were said to be in hiding) and numerous service extensions were granted.

On June 15, 2011, defendant Michael Aquino was served. On June 27, Michael Aquino (proceeding *pro se*) filed a motion to dismiss via mail in an envelope with a New

Jersey federal detention center address. The action was later reassigned to the undersigned judge.

In July 2011, Michael Aquino filed an addendum to the motion to dismiss from "Manila, Philippines, in the custody of the National Bureau of Investigation of the Philippines" ("NBI detention center") (Dkt. No. 20). This was the last address Michael Aquino provided this Court — the last known address. Under the rules, all parties and the Court have been entitled to serve him at this address, no further address having been provided to us.

Michael Aquino's addendum was deemed a re-noticed motion to dismiss and a new briefing schedule was set (with replies due August 15) (Dkt. No 21). Plaintiffs opposed. Michael Aquino did not file a timely reply. On August 17, the motion to dismiss was denied without prejudice and Michael Aquino was instructed to file his answer by September 9 (Dkt. No. 25). On August 23, Michael Aquino filed a late reply in support of his motion to dismiss via mail in an envelope from the same NBI detention center. The order reassigning the action and the orders regarding defendant's motion to dismiss were sent (again) to Michael Aquino at the NBI detention center (Dkt. No. 27).

In September 2011, Michael Aquino timely filed a twenty-page answer (with two exhibits) in an envelope listing the same NBI detention center address. On October 13, Michael Aquino filed a motion for summary judgment listing the same NBI detention center address. To account for the time to mail documents to and from the Philippines, an extended briefing schedule was set wherein Michael Aquino's reply brief was due December 1, 2011 (more than one month after the opposition brief was due) (Dkt. No. 35). A case management conference was held on November 17, and Michael Aquino did not appear in person or by writing. He did, however, timely file his reply brief on December 1 (Dkt. No. 42). This was the last filing by Michael Aquino in this action to date.

On December 7, Michael Aquino's motion for summary judgment was denied (Dkt. No. 43). Further case management conferences were held in January, March, May, and July 2012. Michael Aquino did not appear at any of these case management conferences even though the clerk continued to serve Michael Aquino at his last known address. A July 2012

order dismissed non-served defendants but did not dismiss Michael Aquino who had appeared in this action. The order stated "The sole remaining defendants in this action are Michael Aquino and Glenn Dumlao." Glen Dumlao was later dismissed.

On January 31, 2013, a further case management conference was held and pretrial and trial dates were set. Michael Aquino did not appear at this case management conference even though the order setting the January 31 date was served on his last known address at the NBI detention center.

A February 1 order memorialized the September 30 final pretrial and October 7 trial dates. The order stated "If defendant Michael Aquino is in custody and would otherwise like to attend the pretrial conference and the jury trial, he should file a motion. Failure to file a motion will likely result in a default judgment" (Dkt. No. 65). The clerk of this Court and plaintiffs both served this order on Michael Aquino at his last known address at the NBI detention center.

On September 25, plaintiffs filed their pre-trial conference statement, which was served on Michael Aquino's last known address. Plaintiffs stated "The Philippine government subsequently dismissed the case against Aquino on certain technicalities. Defendant Aquino is no longer in the custody of the Philippine government and can attend the federal jury trial in his case." The pre-trial statement was not a joint statement because Michael Aquino "ha[d] not responded to communications from Plaintiffs' counsel" (Dkt. No. 67).

A final pretrial conference was held on September 30 and Michael Aquino did not appear. Plaintiffs informed the Court of their intent to move for default judgment. In light of Michael Aquino's consistent failure to appear at numerous hearings and failure to respond to at least one order to show cause for failure to appear, the Court advised plaintiffs to serve a courtesy copy on Michael Aquino's former boss, godfather, mentor, friend, and former named defendant in this action, Senator Panfilo Lacson.

An October 1 order requested additional briefing in light of a recent Supreme Court decision and referenced "plaintiffs' forthcoming default judgment motion." The October 1 order was served on Michael Aquino's last known address at the NBI detention center.

3

On October 4, plaintiffs filed their motion for default judgment against Michael Aquino. According to the certificate of service filed with the Court, plaintiffs served their motion on Michael Ray Aquino c/o Senator Panfilo M. Lacson at a Pasay City, Philippines address. The certificate of service, however, did not indicate whether plaintiffs also served the motion on Michael Aquino's last known address at the NBI detention center.

On November 7, a hearing on plaintiffs' motion for default judgment was held. Michael Aquino did not appear. A November 8 order granted in part and denied in part plaintiffs' motion for default judgment. The order also advised Michael Aquino of the November 18 prove-up hearing on damages. The November 8 order was served on the last known address provided by Michael Aquino to this Court — the NBI detention center address.

Michael Aquino did not appear at the November 18 prove-up hearing on damages. Plaintiffs did. After live evidence was heard, on December 2, plaintiffs filed a memorandum on damages. No certificate of service was attached.

\*       \*       \*

The undersigned judge would like to provide defendant Michael Aquino one last opportunity to appear and defend himself before a final order on damages. Plaintiffs seek in their memorandum of damages $60 million dollars, a large sum for a default judgment.

By **NOON ON DECEMBER 19**, plaintiffs shall file a statement (not to exceed **FIVE PAGES**) addressing whether their motion for default judgment and memorandum on damages were served on Michael Aquino's last known address provided to the Court. If the motion and memorandum were not served on his last known address, plaintiffs shall serve the motion, memorandum, November 8 default judgment order, trial transcript for the proceedings held on November 18, and this order on Michael Aquino's last known address and any other addresses plaintiffs may have for Michael Aquino. The certificate of service should be attached to plaintiffs' statement due on December 19.

Although plaintiffs were advised to serve a courtesy copy of their motion for default judgment on Senator Lacson, this did not obviate plaintiffs' duty to serve Michael Aquino's last known address. To be clear, it is plaintiffs' duty to serve their noticed motions on

4

1  defendant regardless of whether they are optimistic of a response. This should be obvious,
2  especially given that the clerk of this Court has continued to serve orders in this action on
3  Michael Aquino's last known address both before and after plaintiffs' motion for default
4  judgment. On November 12, the clerk served the November 8 order granting in part and
5  denying in part plaintiffs' motion for default judgment on Michael Aquino at his last known
6  address.

By **NOON ON JANUARY 17**, defendant Michael Aquino shall file a statement (not to exceed **TEN PAGES**) addressing why a final order on damages after a default prove-up trial should not be entered against him based on the trial record. He should further explain whether he intends to seek to reopen the default prove-up trial record to introduce evidence or rebut plaintiffs' evidence. He should also address why he has failed to appear since 2011. He should further provide the clerk with a current address.

The clerk shall mail a copy of this order to defendant Michael Aquino at the NBI detention center address with a request to forward it on appropriately if he is no longer there.

**IT IS SO ORDERED.**

Dated: December 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE